# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|                                      |     |                                   |
|--------------------------------------|-----|-----------------------------------|
| **B. RENEL FLOYD,**                  | )   |                                   |
|                                      | )   |                                   |
| **Plaintiff,**                       | )   |                                   |
|                                      | )   |                                   |
| **v.**                               | )   | **CIVIL ACTION NO. 17-451-TFM-N** |
| **PEM REAL ESTATE GROUP, *et al*.,** | )   |                                   |
|                                      | )   |                                   |
| **Defendants.**                      | )   |                                   |

## REPORT AND RECOMMENDATION

This action is before the Court on the Brief in Support of Motion for Judgment on the Pleadings (Doc. 84) filed by Defendant HW Investco, LLC ("Investco") to which the Plaintiff, B. Renel Floyd ("Floyd") has filed a response in opposition (Doc. 86). This matter is now ripe for consideration and has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Investco's Motion for Judgment (Doc. 84) be **GRANTED**.

## I.  Procedural History

On October 5, 2017 Floyd, a pro se litigant, filed a complaint in the United States District Court of the Southern District of Alabama, alleging violations of her constitutional rights pursuant to the Civils Rights Act of 1964; Fair Housing Act of 1968; and the Disability Act of 1990. (Doc. 1). In the complaint, Floyd listed PEM Real Estate Group, Jude Reynolds, Kristi Ridlon, Macy Proulx, Josh Ashcraft and

Derrick Williams as Defendants. (Doc. 1). On October 12, 2017, Floyd filed a Motion for Leave to File an Amended Complaint. (Doc. 4). The Court found the Motion to be Moot, referencing Fed. R. Civ. P. 15(a)(1)(B), "a Plaintiff may amend his or her complaint "once as a matter of course within … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier." (Doc. 5). On December 14, 2017, Floyd filed her Amended Complaint with the Court, this time listing Investco as a Defendant. Investco filed a Brief in Support of Motion to Dismiss on December 26, 2017 (Doc. 27).

Pursuant to a court order (Doc. 34), Floyd filed her Second Amended Complaint (Doc. 37), which is the operative complaint in this action. Investco, once again filed a Brief in Support renewing its Motion to Dismiss. (Doc. 46). Floyd filed a Response in Opposition on March 22, 2018 (Doc. 64) and Investco filed a Reply (Doc. 70) on March 26, 2018. On September 13, 2018 the Report and Recommendation was adopted, denying Investco's. (Doc. 79). On September 13, 2018, Investco filed an Answer to Floyd's Second Amended Complaint. Investco then filed a Brief in Support of Motion for Judgment on Pleadings on October 3, 2018. (Doc. 84). Investco moves for a judgment of the pleadings pursuant to *Fed. R. Civ. P. Rule 12(c)* listing five independent reasons. (Doc. 84).

## II.    Standard of Review

Pursuant to Fed. R. Civ. P. 12(c), a party may assert a motion for judgment on the pleadings, "after the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." "Judgment on the pleadings is

appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Canon v. City of W. Palm Beach*, 250 F. 3d 1299,1301 (11th Cir. 2001)(*citing Perez v. Wells Fargo N.A.,* 774 F.3d 1329,1335 (11th Cir. 2014). "In determine whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367,1370 (11th Cir. 1998). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956). Generally, the Court may not consider matters outside the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d).[1] On motion for judgment on the pleadings, the court considers the complaint, answers, and the exhibits thereto. The Court may consider documents attached to an answer of the documents attached to an answer if the documents are "(1) central to the Plaintiff's claim; and (2)undisputed, which in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2002); *Grossman v. Nationsbank, N.A.,* 225 F. 3d 1228, 1231 (11th Cir. 2000).

---

1 (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presents to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

# III.   Analysis

## 1.  Plaintiff's FHA claims between Investco & Jude Reynolds

"Fair Housing Act imposes liability without fault upon employer in accordance with traditional agency principles, and thus it imposes vicarious liability upon corporation for unlawful acts of its employees." *Meyer v. Holley* 123 S.Ct 824, 825 (2003).  Investco maintains that "other than reference to an alleged common owner, Plaintiff fails to allege any facts showing any relationship between Investco and 'PEM Real Estate Group LLC.' "(Doc. 84).  Investco maintains that in order for a defendant to be vicariously liable for the discrimination, the defendant should have been an "an agent acting within the scope of its authority." (Doc. 84).

Although the guidelines of the FHA fails to mention vicarious liability, "an action brought for compensation by a victim of housing discrimination is, in effect, a tort action, … [a]nd the Court has assumed that, when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules…" *Meyer v. Holley*, 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003). In order for vicarious liability to exist, an agency relationship must be established. "The test of agency is the right of control, whether exercised or not, and control must be proven, and proof of control requires more than proof of a mere right to determine if the person claimed to be an agent is conforming to the requirements of a contract." *Franklin v. Mitchell,* 87 So.3d 573, 580 (Ala.Civ.App.2011). "For one to be an agent, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or in other words, not only what

shall be done, but how it shall be done." *Id*.

"Under Alabama law, the test of agency is the right of control, whether exercised or not." *Brown v. Commercial Dispatch Publishing Co.*, 504 So.2d 245 (Ala.1987). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that they shall act on his behalf and subject to his control, and consent by the other so to act." *Rainey v. Aware Woman Center for Choice, Inc.,* 224 F.3d 1266, 1268 (11th Cir. 2000)(citing *Haynes v. Wilder*, 721 F. Supp.2d 1218,1225 (M.D.Fla 2010)). In *Haynes,* the Plaintiff alleged that the Defendant, owner of an RV resort, was vicariously liable for the actions of the resort's Neighborhood Association. The court held that "the defendant remains vicariously liable for the discrimination of the Neighborhood Association only if the Neighborhood Association was an agent acting within the scope of its authority." *Id*. at 1225. The court reasoned that there must be actual consent between the parties to form an agency and that mere association is insufficient.

Investco maintains that Floyd failed to establish "an employment or agency relationship between Investco and Jude Reynolds, the only remaining individual defendant against whom Plaintiff has stated a FHA claim." (Doc. 84). Floyd contends that "PEM Real Estate and HW Mobile Investco, LLC were made aware of Jude Reynolds's actions. Floyd's Second Amended Complaint, fails to plead plausible and sufficient facts to establish an agency relationship between Investco and Jude Reynolds. The complaint mentions PEM Real Estate and other defendants, however it fails to establish that Investco relinquished consent to Jude Reynolds, or that an

agency/employee relationship existed. Floyd, contends that "as soon a PEM Real Estate Group employee became manager of Huntleigh Woods Apartments...Ms. Jude A. Reynolds became Property Manager in October 2015." (Doc. 37 at 2).

Floyd argues that an employment or agency relationship existed between Jude Reynolds and Investco "by default a result of her long-term employment at Huntleigh Woods Apartment...after having maintained employment through a number of changes in ownership which HW Mobile Investco, LLC was owner during the time period cited in my complaint." Although it appears that Reynolds was an employee during Investco's ownership, Floyd makes specific references to Reynold's behavior while employed as a Property Manager by PEM Real Estate Group, noting that she "placed telephone calls to PEM Real Estate Group, including regional supervisors as instructed but calls either went unreturned or there were no follow-ups to voicemails." (Doc. 86 at 3-4). Floyd did not reference phone calls made to Investco in reference to Jude Reynold's behavior.

Additionally, the previously adopted Report and Recommendation states, "As Defendant HW Mobile Investco, LLC acknowledges, it is only mentioned once in the Second Amended Complaint and there do not appear to be any allegations concerning its relationship with Plaintiff and/or the other Defendants. At this time Defendant HW Mobile Investco, LLC has only moved for dismissal under Fed. R. Civ. P 12(b)(4)-(5)." (Doc. 77 at 18, n.6). Floyd fails to plead plausible facts to establish an agency or employment relationship between Jude Reynolds and Investco.

### 2. Plaintiff's FHA statute of limitations

Pursuant to Section 3613 of the FHA, an "aggrieved person may commence a civil action…not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice… to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613 (a)(1)(A). Investco maintains that Floyd did not pursue a timely suit against Investco within the FHA's statute of limitations guidelines. Floyd contends that events occurring after October 5, 2015 are within the statute of limitations. (Doc. 86).

The initial complaint was filed on October 5, 2017 and the Second Amended Complaint was filed on February 6, 2018. Pursuant to the "Facts" section listed in the complaint, it appears that the basis of her suit and the fraudulent issues that surrounded the suit took place on October 5, 2015. Thus, the applicable statute of limitations does not preclude her FHA claims.

### 3. Familial-status discrimination claim pursuant to FHA guidelines

Floyd alleges that she was "denied dwelling…based on race and family affiliation pursuant to 42 U.S.C. 3604(a)." (Doc. 37). Section 3604 proclaims it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of…familial status..." 42 U.S.C. §3604(a). The FHA defines "familial status" as "one or more individuals (who have not attained the age of 18 years) being domiciled with a parent or another person having legal custody of such individual or individuals." 42 U.S.C. §3602(k)(1).

Floyd's complaint neither alleges nor presents facts that portray or describe any discriminatory acts against her in connection with individuals under 18 living with her. Therefore, Floyd has failed to state a claim pursuant to the FHA's definition of "familial status" upon which relief can be sought.

### 4. Plaintiff's race discrimination claim pursuant to FHA U.S.C. § 3604(a)

In the Second Amended Complaint, Floyd maintains that she was racially discriminated against in accordance with the FHA guidelines. Floyd alleges violation of 42 U.S.C. §3604(a), asserting that she was "denied dwelling…based on race…" (Doc. 37 at 18). Under the guidelines of the FHA it is a violation and discriminatory for an individual to be denied dwelling "to any person because of race, color…" 42 U.S.C. §3604(a).

In order to succeed on a racial discrimination claim pursuant to FHA guidelines, Floyd must establish a prima facie case of discrimination by a preponderance of evidence to show that she was denied a residence that she was qualified to purchase and/or rent. *Secretary, HUD on Behalf of Herron v. Blackwell*, 908 F.2d 864 (11th Cir. 1990). As element for a claim under the FHA, "a defendant need not make it impossible for a person to occupy a dwelling to make housing unavailable." *Hunt v. Aimco Properties, L.P.* 814 F.3d 1213,1223 (11th Cir. 2016).

In *Hunt*, an apartment tenant filed a disability discrimination claim against landlord under FHA, alleging that landlord threatened tenant and son with eviction. The court held that the FHA "protects renters not only from eviction, but also from discriminatory actions that would lead to eviction but for an intervening cause." *Id.*

at 1223. The court reasoned that although the Defendant did not evict the Plaintiff, "it made the Plaintiff's housing unavailable by refusing to renew their lease and directing them to vacate their apartment." *Id*.

Floyd argues that Jude Reynolds "carried out actions that are part of her employment responsibilities on behalf of PEM Real Estate Group and HW Mobile Investco as owner, to abuse her power in engaging in discriminating conduct… and when informed by Plaintiff of these actions, PEM Real Estate Group and HW Mobile Investco (as owner) failed to take any corrective action or acknowledge Plaintiff's complaints." (Doc. 86 at 5). Although Floyd alleges that she experienced discrimination, she fails to present evidence that displays denial of residence based on racial discrimination from Investco or on Investco's behalf by Jude Reynolds. On the contrary, in her complaint, she argues that certain protocol, "traps tenants in untenable leases." (Doc. 37 at 11). Unlike the plaintiff in *Hunt*, Floyd renewed her lease on different occasions. Under the facts presented by Floyd, the race discrimination claim pursuant FHA 42 U.S.C. § 3604(a) fails as a matter of law.

### 5. Floyd's sex discrimination pursuant to 42 U.S.C. § 1981

Floyd next contends that the defendants, "have violated federal laws of inequality based on sex/gender 42 U.S.C. §1981. Equal rights under the law." (Doc. 37). Specifically, Floyd maintains that she, "suffered damages as a result of intentional discriminatory actions; fear, invasion privacy, anxiety, and intentional infliction of emotional distress." (Doc. 37 at 18). Investco maintains that the "sex discrimination claim pursuant to 42 U.S.C.§ 1981 fails as a matter of law because the statute only

forbids discrimination on the basis of race and not on the basis of sex or gender." (Doc. 84 at 10). Floyd argues that the racial and sexual discrimination intertwine and "to divide one's multiple identities at their intersection to focus on the only one identity and not acknowledge their collective effect; especially given at any moment a minority may experience multiple types of discrimination associated with each identity is a disservice to the whole of that person." (Doc. 86 at 6).

"Section 1981 applies only to racial discrimination, not to discrimination based upon religion, national origin, or sex." *See Masel v. Industrial Comm'n of Illinois*, 541 F. Supp. 342, 344 (D.C. 1982)(*citing Gorman v. Roberts* 909 F. Supp. 1493,1498 (M.D.Ala 1995). If a party fails to proffer examples of racial discrimination, he fails to set forth a claim pursuant to §1981. *Id.* at 1499. As previously discussed in the Court's Report and Recommendation (Doc. 77), "defendants have correctly argued, 42 U.S.C. §1981 prohibits discrimination on the basis of race. It does not address discrimination on the basis of sex or gender." See *Jackson v. Bd. Of Comm'rs of the Hous. Auth. Of Prichard*, 2017 U.S. Dist. LEXIS 133133. Therefore, Floyd's sex discrimination claim pursuant to U.S.C. §1981 fails as a matter of law.

## IV.    <u>Conclusion</u>

In accordance with the foregoing analysis, it is **RECOMMENDED** that Investco's Motion for Judgment on the Pleadings (Doc. 84) be **GRANTED.**

## IV.    <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of January 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**