IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| B. RENEL FLOYD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 17-451-TFM-N |
| PEM REAL ESTATE GROUP, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

### REPORT AND RECOMMENDATION

This action is before the Court on the Notice of Voluntary Dismissal without prejudice pursuant to Federal Rule Civil Procedure 41(a)(1)(A)(i) (Doc. 125) filed by *pro se* Plaintiff B. Renel Floyd ("Floyd"), and the timely filed response (Doc. 126) by Defendant Jude Reynolds ("Reynolds"), which also moves for the Court to award Defendant's cost against the Plaintiff. This matter is now ripe for consideration and has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Plaintiff's Notice of Voluntary Dismissal (Doc. 125) be **GRANTED**.

### II. Analysis

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Floyd requests that this Court issue an order for voluntary

dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[1] Floyd maintains that it is in the best interest for herself and her mother, a key witness, that the case be dismissed "to allow for the ability to focus on her mother's deteriorating health."(Doc. 125 at 1,3). Reynolds does not contest the dismissal, but contends that the notice incorrectly cites Rule 41(a)(1)(A)(i) as the basis for seeking dismissal. Reynolds maintains that "as a condition of dismissal, Defendant asks the Court to award Defendant's costs against Plaintiff," and requests that the Court's dismissal order include a ruling on Defendant's pending unopposed motion for attorney's fees."[2] (Doc. 126).

Reynolds maintains that the applicable section of Rule 41 is Rule 41(a)(2).[3] (Doc. 126). A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Federal Rule 41(a)(2). *Pontenburg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). Generally, a motion for voluntary dismissal should be granted unless defendants will suffer clear legal prejudice other than the mere prospect of a second lawsuit. *Virgen v. US Coatings, Inc.*, No. 17-00198-CIV, 2017 WL 4414162 (S.D. Ala. Sept. 15, 2017). The purpose of a Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the

---

[1] "Subject to Rules 23(e), 23.1(c), 23.2, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i)

[2] After Reynolds filed a response to Plaintiff's Notice to Dismiss (Doc. 125), the undersigned held a hearing on June 27, 2019. Floyd was ordered to file a response to Reynold's previous Motion for Attorney Fees (Doc. 118). After review of the motion (Doc. 118) and response, the undersigned entered an order granting in part and denying in part Reynolds' motion for attorney fees and cost (Doc. 118), awarding Reynolds $2,937.00 (Doc. 134).

[3] "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2)

other side, and to permit the imposition of curative conditions." *Id. citing McCants v. Ford Motion Co., Inc.*, 781 F.2d 855,856 (11th Cir. 1986). While a district court should keep in mind the interest of the defendant, "ultimately, the determination of whether to grant such a dismissal falls within the sound discretion of the district court." *Fisher v. Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991).

Here, Reynolds does not identify any judicial prejudice that would not justify dismissal. In fact, Reynolds does not oppose dismissal subject to the previously stated conditions. Moreover, Floyd requests that dismissal comes without prejudice. "If an action is dismissed 'without prejudice' there is no adjudication on the merits of the case; the judgment does not bar another lawsuit on the same cause of action unless the words are qualified as to certain claims."[4]

The undersigned construes that the notice of dismissal filed by Floyd, is a dismissal pursuant to Rule 41(a)(2). Accordingly, the undersigned finds that Floyd's motion to voluntarily dismiss is due to be **GRANTED**, such that all claims asserted in this action by Floyd against Reynolds, be **DISMISSED with prejudice**.

### IV.   Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Floyd's Notice of Dismissal (Doc. 125) be **GRANTED.**

### IV.   Notice of Right to File Objections

---

[4] "The words 'without prejudice' in their general adaptation, when used in a decree, mean that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another suit as if no suit had even been brought. When the words 'without prejudice' appear in an order or decree, it shows that the judicial act done is not intended to be res judicata of the merits of the controversy." *Palmer v. Rucker*, 289 Ala. 496, 503, 268 So.2d 773,780 (1972). "For the doctrine of res judicata, or claim preclusion, to apply, the following elements are required: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with the same parties, and (4) with the same subject matter presented in both actions."

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of January 2020.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**